UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIAM F. KEMP, JR., #177395,

        Plaintiff,

v.                                       CASE NO. 05-CV-72160-DT
                                       HONORABLE ARTHUR J. TARNOW


UNITED STATES OF AMERICA, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF DISMISSAL

I.     <u>Introduction</u>

The Court has before it Plaintiff William F. Kemp's *pro se* civil rights complaint filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff has paid the filing fee for this action. Plaintiff is a state prisoner presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan. Defendants include the United States, the Federal Reserve Bank, the State of Michigan, The County of Wayne, the City of Detroit, and unnamed individuals identified as John and Betty Does.

In his lengthy complaint, Plaintiff makes numerous allegations of unconstitutional conduct, involving such issues as conspiracy, improper citizenship, misrepresentation and fraud relating to his birth certificate, complaints regarding the Social Security system, and apparent challenges to his criminal conviction. Plaintiff seeks equitable and other appropriate relief.

1

2:05-cv-72160-AJT-PJK   Doc # 16   Filed 09/08/05   Pg 2 of 6   Pg ID 365

Kemp v. United States
05-CV-72160-DT
Page 2 of 6

On August 10, 2005, this Court issued an order requiring Plaintiff to show cause

why his complaint should not be dismissed as frivolous pursuant to 28 U.S.C. § 1915A.

Plaintiff has filed an answer to the show cause order.  Having reviewed those materials

and the complaint, the Court finds that this action must be dismissed as frivolous.

II.     Analysis

A.     Section 1983 Claims

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1)

he was deprived of a right, privilege, or immunity secured by the federal Constitution or

laws of the United States, and (2) the deprivation was caused by a person acting under

color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v.

McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be

construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840

F.2d 359, 361 (6th Cir. 1988).

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321

(1996) ("PLRA"), the Court is required to *sua sponte* dismiss a complaint seeking redress

against government entities, officers, and employees which it finds to be frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

A complaint is frivolous if it lacks an arguable basis either in law or in fact.

*Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325

2

(1989).  A complaint lacks an arguable basis in fact when the factual contentions are

"clearly baseless" in that they describe "fantastic" or "delusional" scenarios.  *Neitzke*, 490

U.S. at 327-28; *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).  A

complaint is factually frivolous if "the facts alleged rise to the level of irrational or wholly

incredible."  *Denton*, 504 U.S. at 32-33.

In this case, Plaintiff's allegations concerning conspiracy, fraud, and other

malfeasance by government entities are irrational and clearly baseless.  Courts have

dismissed complaints alleging similarly unbelievable scenarios.  *See, e.g., Taylor v.

Rockford Police Dept.*, 165 F.3d 33, 1998 WL 783957 at *1 (7th Cir. 1998) (unpublished)

(affirming dismissal of complaint as frivolous where plaintiff alleged that police

attempted to kill him, that there was a multi-agency conspiracy to cover up the assaults,

that the attorney general's office faked a trial, and that he was issued a fraudulent

marriage license); *Kabbe v. City of San Diego*, 139 F.3d 905, 1998 WL 80375 at *1 (9th

Cir. 1998) (unpublished) (affirming dismissal of complaint in which plaintiff alleged that

defendants conspired to violate her civil rights by intercepting and broadcasting her

thoughts); *Sandles v. Randa*, 945 F. Supp. 169, 171 (E.D. Wis. 1996) (dismissing

complaint as frivolous under § 1915A(b) where plaintiff alleged that defendants

fabricated a federal statute in order to imprison him); *Williams v. Hart*, 930 F.2d 36, 1991

WL 47118, *2 (10th Cir. 1991) (unpublished) (finding that prisoner's claim of intentional

exposure to AIDS through razor switching was fantastic or delusional and dismissing

claim as frivolous).

Additionally, Plaintiff's allegations of conspiracy and unconstitutional conduct are

vague and conclusory.  A federal court need not accept as true legal conclusions, or vague

and conclusory allegations of a conspiracy to create a valid claim under § 1983 when

none exists.  *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Having reviewed Plaintiff's complaint, the Court finds that it is based upon an irrational

set of facts, is vague and conclusory, and is subject to summary dismissal.

Further, to the extent that Plaintiff seeks to challenge his criminal conviction in

this civil rights action, his complaint must also be dismissed.  A claim under § 1983 is an

appropriate remedy for a state prisoner challenging a condition of his imprisonment.  *See*

*Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  When a prisoner challenges the validity

of his imprisonment and seeks habeas corpus relief, such claims are not properly brought

under 42 U.S.C. § 1983.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding

that a state prisoner does not state a cognizable civil rights claim challenging his

conviction or imprisonment if a ruling on his claim would necessarily render his

continuing confinement invalid, until and unless the reason for his continued confinement

has been reversed on direct appeal, expunged by executive order, declared invalid by a

state tribunal, or has been called into question by a federal court's issuance or a writ of

habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by

the plaintiff.  *Id.* at 487-89.  Plaintiff's complaint is thus also subject to dismissal on this additional basis.

B.      Section 1985 and 1986 Claims

Plaintiff also cites 42 U.S.C. § § 1985 and 1986 in his complaint.  To maintain a cause of action under 42 U.S.C. § 1985, a plaintiff must allege the following elements:

> (1) a conspiracy involving two or more persons;
> (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and
> (3) an act in furtherance of the conspiracy;
> (4) which causes injury to a person or property, or the deprivation of any right or privilege of a citizen of the United States.

*Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)).  Further, the plaintiff must demonstrate that the conspiracy was motivated by a class based animus, such as race.  *Id*.  When a plaintiff fails to allege or prove that he is a member a 'discrete and insular' minority accorded 'special protection under the Equal Protection Clause because of inherent personal characteristics,' his § 1985 claim lacks merit and should be dismissed.  *See Seguin v. City of Sterling Hgts.*, 968 F.2d 584, 590 (6th Cir. 1992) (quoting *National Communication Sys., Inc. v. Michigan Pub. Serv. Comm'n.*, 789 F.2d 370, 374 (6th Cir. 1986)).

Plaintiff fails to present facts showing a conspiracy, acts in its furtherance, or that he is a member of a discrete and insular minority accorded special protection under the Equal Protection Clause.  His § 1985 claim thus lacks merit and must be dismissed.

Section 1986 imposes liability on those who have knowledge of the wrongs prohibited by § 1985 yet fail to prevent them.  *Sequin*, 968 F.2d at 590.  Absent a violation of § 1985, a plaintiff may not maintain an action under § 1986.  *See Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980).  Because Plaintiff's § 1985 claims are subject to dismissal, his claims under 42 U.S.C. § 1986 must also be dismissed.

III.    Conclusion

For the reasons stated, the Court concludes that Plaintiff's complaint lacks an arguable basis in fact and law and must be dismissed before service.  Accordingly, the Court **DISMISSES** the complaint as frivolous pursuant to 28 U.S.C. § 1915A.  Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
Dated:  September 8, 2005                United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 8, 2005, by electronic and/or ordinary mail.

                                        s/Catherine A. Pickles
                                        Judicial Secretary